IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
                                          )
Plaintiff, )      Criminal Action
                                          )
v. )      No. 07-10142-16-JTM
                                          )
JASON TISDALE, )
a/k/a/ "Change," )
                                          )
Defendant. )      **FILED UNDER SEAL**
                                          )
_____ )

**FILED**
U.S. District Court
District of Kansas

SEP 24 2007

Clerk, U.S. District Court
By _____ Deputy Clerk

## MEMORANDUM AND ORDER

This matter is before the court on defendant Jason Tisdale's motion for a gag order prohibiting the United States Attorney for the District of Kansas and all law enforcement agencies connected with the investigation and prosecution of this case from openly discussing this matter with the media (Dkt. No. 55). For the reasons stated below, the motion is denied.

### Background

Defendant Jason Tisdale was indicted on July 27, 2007 (Dkt. No. 1). He was charged with one count of engaging in the activities of a racketeer influenced and corrupt organization (18 U.S.C. §1962[c] – Count 1), one count of conspiracy to engage in the activities of a racketeer influenced and corrupt organization (18 U.S.C. §1962[d] – Count 2), three counts of violent crimes in aid of racketeering (18 U.S.C. §1959 – Counts 5, 6, 7) and one count of possession of crack cocaine with intent to distribute (21 U.S.C. 841 – Count 8).

On September 13, 2007, a grand jury returned a superseding indictment in this case (Dkt. No. 52). The charges against Tisdale remained the same, but the superseding indictment alleged

first degree murder as the predicate acts for Count 1.

Absent a gag order from this court, the United States Attorney for the District of Kansas intends to make an oral and written release of information to the public upon the unsealing of the indictments. The release is intended to explain the charges and the penalties, identify the investigating agencies, and other relevant matters that the Rules Relating to Discipline of Attorneys (as adopted by the Kansas Supreme Court) and the Department of Justice's policies permit to be disclosed. Further, the U.S. Attorney's Office does not intend to discuss the specific facts of the case, the evidence the United States will seek to admit against any specific defendant or whether defendant Tisdale's alleged crimes warrant imposing the death penalty.

Mr. Tisdale suggests he will be prevented from receiving a fair trial if the U.S. Attorney or any law enforcement discusses this matter with the media. The government, on the other hand, argues that the free dissemination of information about events with legal consequences and proceedings serves vital societal interests.

**Legal Standard**

A motion for a gag order creates a tension between the accused's Sixth Amendment right to a fair trial before an impartial jury, and the First Amendment right to free speech. *See Application of Dow Jones & Co.*, 842 F.2d 603, 609 (2d Cir. 1988). Generally, a gag order is to protect the accused from bias prospective jurors might develop if exposed to press accounts about the case. Nonetheless, the Constitution does not require that a jury consist of persons ignorant of the case they are about to hear; rather, the jury must be impartial and capable of fairly weighing the evidence before determining guilt or innocence. *See Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966); *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). Further, "even pervasive,

first degree murder as the predicate acts for Count 1.

Absent a gag order from this court, the United States Attorney for the District of Kansas intends to make an oral and written release of information to the public upon the unsealing of the indictments. The release is intended to explain the charges and the penalties, identify the investigating agencies, and other relevant matters that the Rules Relating to Discipline of Attorneys (as adopted by the Kansas Supreme Court) and the Department of Justice's policies permit to be disclosed. Further, the U.S. Attorney's Office does not intend to discuss the specific facts of the case, the evidence the United States will seek to admit against any specific defendant or whether defendant Tisdale's alleged crimes warrant imposing the death penalty.

Mr. Tisdale suggests he will be prevented from receiving a fair trial if the U.S. Attorney or any law enforcement discusses this matter with the media. The government, on the other hand, argues that the free dissemination of information about events with legal consequences and proceedings serves vital societal interests.

**Legal Standard**

A motion for a gag order creates a tension between the accused's Sixth Amendment right to a fair trial before an impartial jury, and the First Amendment right to free speech. *See Application of Dow Jones & Co.*, 842 F.2d 603, 609 (2d Cir. 1988). Generally, a gag order is to protect the accused from bias prospective jurors might develop if exposed to press accounts about the case. Nonetheless, the Constitution does not require that a jury consist of persons ignorant of the case they are about to hear; rather, the jury must be impartial and capable of fairly weighing the evidence before determining guilt or innocence. *See Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966); *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). Further, "even pervasive,

adverse publicity does not inevitably lead to an unfair trial." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976).

Defendant Tisdale is not seeking to restrain the First Amendment rights of the press and public, but instead seeks only to abridge the speech rights of lawyers and law enforcement agencies. This court must decide whether there is a "reasonable likelihood" that pretrial publicity will prejudice a fair trial. *See Sheppard*, 384 U.S. at 363. Although a lawyer participating in judicial proceedings may be subjected to greater restrictions on his speech than may be imposed upon the public and press, the limitations on attorney speech should nevertheless be no broader than necessary to protect the integrity of the judicial system and the defendant's right to a fair trial. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1073-76 (1991); *United States v. Walker*, 890 F. Supp. 954 (D. Kan. 1995) (denying gag order upon finding that defendant failed to demonstrate that such an order was appropriate or warranted, and because parties were bound by the rules of the court regarding statements to the press).

Based on the legal standards set out above, the court denies the motion without prejudice at this time. The court expects all attorneys involved in this case to exercise some restraint and follow applicable guidelines when dealing with the press. If the court becomes aware of abuses in discretion by the attorneys, it will entertain a second motion for a gag order. The court also recognizes that other available remedies could effectively mitigate any possible prejudicial publicity, including change of venue, trial postponement, searching voir dire, emphatic jury instructions, and sequestration of jurors. *See Koch v. Koch Industries, Inc.*, 2 F. Supp. 2d 1409, 1413 (D. Kan. 1998).

IT IS ACCORDINGLY ORDERED this 24th day of September, 2007, that defendant

Tisdale's Motion for a Gag Order (Dkt. No. 55) is denied.

                                              *J. Thomas Marten*
                                            J. THOMAS MARTEN, JUDGE