IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JASON TISDALE,
  a/k/a "Change,"

          Defendant.

Case No. 07-10142-05-JTM

**MEMORANDUM AND ORDER**

Presently before the court is defendant Jason Tisdale's Motion to Reveal any 'Deals' made by the Government (Dkt. No. 187). The court held a hearing on the matter on February 29, 2008, and ordered further briefing by the parties (Dkt. No. 303). The government filed a brief (Dkt. No. 333), but the defendant did not. After carefully considering all of the briefing on this issue, the court adopts the following procedure.

The court will review any plea agreement in an *in camera* hearing to determine the issue of defendant or witness safety, in which the government will have the burden to establish a threat to safety, through evidence more than general statements. If the court agrees with the government's assessment of witness safety, it will not reveal the plea agreement to the defendants. If, however, the court does not agree with the government's assessment, it will order the release of as much of the agreement that is consistent with witness safety. The court's review will balance the safety of witnesses verses the defendants' need to know the information.

This approach is consistent with what other courts in this district have done.  In *United States v. Wright*, No. 00-40024-01, 2001 WL 1456856 (D. Kan. Oct. 10, 2001), the court noted that it conducted an *in camera* review of certain material, and found that the government demonstrated sound and substantial justification for its concern over witness safety.  As such, the court found that the government made a sufficient showing for not immediately disclosing the discovery that was requested in the case.  The court noted that it must balance the concern regarding the volume of the detailed material and the likelihood of it generating additional investigation, against the risk to witnesses, the burden of increasing security for those witnesses, and the expected effectiveness of this increased security.  After balancing those factors, the court ordered that the material be produced thirty days before trial.

Accordingly, Tisdale's motion is granted to the extent that the procedure outlined above is hereby adopted by this court.

IT IS ACCORDINGLY ORDERED this 2nd day of June, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE