IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiffs,

        vs.                              Case No. 07-10142-05-JTM

JASON L. TISDALE,

        Defendant.

**MEMORANDUM AND ORDER**

Presently before the court are defendant Jason Tisdale's following motions: (1) motion for Bill of Particulars as to aggravating factors (Dkt. No. 528); (2) motion to keep confidential informants 1,2,3 and others separated (Dkt. No. 579); (3) motion to preclude the death penalty due to unconstitutional discretion of prosecutors (Dkt. No. 584); and (4) motion to declare death penalty unconstitutional because it deprives Mr. Tisdale of his fundamental right to life (Dkt. No. 581). The court held a hearing on November 20, 2008. For the reasons detailed on the record and summarized below, the court denies each motion.

**1. Motion for Bill of Particulars as to Aggravating Factors listed in Government's Notice of Intent to Seek the Death Penalty (Dkt. No. 528)**

Tisdale claims that a Bill of Particulars is necessary to enable him to understand and prepare his defenses against the Government's Notice of Intent to Seek the Death Penalty (Dkt. No. 454) and to prevent prejudicial surprise at trial. Without citing a legal basis, Tisdale then

1

lists twelve items from the government's notice that he would like more information about. The government responds that Tisdale's request is nothing more than a request for discovery, which is an improper use of a Bill of Particulars. The government argues that the Federal Death Penalty Act sets forth the process and requirements due to capital defendants, and that the government has more than met its burden.

The government is not required to provide specific evidence in its notice regarding the aggravating factors. *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999); *United States v. Nguyen*, 928 F. Supp. 1525, 1545-46 (D. Kan. 1996). Nonetheless, "at a minimum, due process requires a defendant to receive sufficient notice of aggravating factors to enable him to respond and to prepare his case in rebuttal." *United States v. Plaza*, 179 F. Supp. 2d 464, 471 (E.D. Pa. 2001).

In this case, the government's notice of intent to seek the death penalty adequately sets out the factors the government relied upon when deciding to seek the death penalty. As such, his motion is denied.

## 2.   Motion to Keep Confidential Informants 1,2,3 as well as any other Cooperating Witnesses who are or may be in Custody and who are Testifying for the Government in Separate Jails During Trials (Dkt. No. 579)

Tisdale requests that the Court order the United States Marshals Service (USMS) to house all of the government's cooperators in jails separate from each other and Tisdale until the conclusion of the case and all related cases. Further, Tisdale claims that his Sixth Amendment rights are in danger of violation because he does not know the identities of the cooperating witnesses, and thus they could be eliciting information from him.

The government responds that it is undertaking every practical measure to keep the witnesses separate from Tisdale and each other.  Further, the government argues that the Tisdale fails to cite authority for his implicit assertion that the Court should direct the day-to-day functions of the USMS.

Tisdale's request is denied.  He fails to cite authority to support his position, and the government has an interest to keep the confidential witnesses away from Tisdale and each other.  Further, Tisdale's fear that cooperators might try to get information from him is without merit because this court already issued an order precluding the government from introducing "snitch" testimony.  However, this court will enter a sequestration order at trial, which should prevent any discussions from testifying witnesses.

### 3.  Motion to Declare the Death Penalty Unconstitutional Because it Deprives Mr. Tisdale of his Fundamental Right to Life (Dkt. No. 581)

Tisdale argues that substantive due process protects the right to life as a fundamental constitutional right, and that the death penalty is not necessary to promote any compelling state interest.  Further, he claims that the Federal Death Penalty Act (FDPA) is *per se* unconstitutional, and that the government cannot justify it under strict scrutiny analysis.  In sum, he seeks an order declaring the federal death penalty unconstitutional pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Specifically, Tisdale argues that there is a fundamental right to life, and that substantive due process protects that right.  He then argues that laws are presumptively unconstitutional if it impinges on a fundamental right.  As such, he claims that the government must survive strict scrutiny to withstand a constitutional challenge of the federal death penalty.

The government counters that although the Due Process Clause provides heightened protection against government interference with certain fundamental rights and liberty interests, the standards from criminal law differ from other areas.  Specifically, the government contends that the Supreme Court has established that a criminal procedure does not violate due process unless it offends some principle of justice so rooted in the traditions and consciousness of our people as to be ranked as fundamental.  In that regard, the government argues that the FDPA does not offend any fundamental principle of justice because capital punishment is firmly rooted in the principles and traditions of the American criminal justice system, and the Supreme Court has repeatedly upheld state and federal statutes providing for capital punishment.  Further, the government argues that the Supreme Court has specifically refused to require strict scrutiny analysis for criminal processes.  *See Chapman v. United States*, 500 U.S. 453, 465 (1991).

Tisdale's motion is denied.  Tisdale cites only civil cases in which strict scrutiny was applicable, and fails to explain the Supreme Court cases which have specifically refused to require strict scrutiny analysis of criminal processes.  *See, e.g., Chapman v. United States*, 500 U.S. 453, 465 (1991) (holding that the sentencing scheme of the Anti-Drug Abuse Act of 1986 was rational and noting that "we have never subjected criminal process to this sort of truncated analysis, and we decline to do so now").  Further, the United States Supreme Court has repeatedly upheld the constitutionality of the death penalty, and this court is bound to follow that precedent.

**4.  Motion to Preclude the Death Penalty Due to Unconstitutional Discretion of Prosecutors in Deciding Whether to Seek a Death Sentence (Dkt. No. 584)**

Tisdale argues that the federal death penalty scheme violates the Fifth, Eighth, and Fourteenth Amendments because it fails to establish nationwide standards which ensure that prosecutorial decisions to seek the death penalty are uniform and do not result in disparate treatment of similarly situated persons.  Tisdale relies heavily on *Bush v. Gore*, to argue that uniform standards must be used throughout the nation and that discretion must be controlled.  Essentially, Tisdale argues that *Bush v. Gore* provides a basis for finding that the FDPA constitutes an unconstitutional violation of equal protection because it does not provide for nationwide standards to guide federal prosecutors in charging capital cases.

The government responds that the Supreme Court expressly limited the application of its ruling in *Bush v. Gore*, and that other federal courts have routinely rejected claims that it created a new and more liberal standard of review for equal protection claims.  Further, the government claims that the FDPA provides national standards to govern prosecutorial discretion.  The government also argues that Tisdale has failed to show an equal protection violation, because he cannot demonstrate a discriminatory purpose nor a discriminatory effect sufficient to violate the Fifth Amendment.

At its core, Tisdale's argument is that the prosecutorial discretion in seeking the death penalty is unconstitutional.  This argument has been rejected repeatedly, due in part to the fact that the statutory schemes sets out a number of factors that provide when someone may be eligible for the death penalty.  Congress has enacted statutes that provide for the death penalty and the procedures that must be followed for prosecutors to seek it.  Further, as with the

argument above, the Supreme Court has repeatedly upheld the constitutionality of the death penalty, and this court is bound to follow that precedent. As such, Tisdale's motion is denied.

IT IS ACCORDINGLY ORDERED this 8th day of December, 2008 that Defendant Jason Tisdale's motion for Bill of Particulars as to aggravating factors (Dkt. No. 528), motion to keep confidential informants 1,2,3 and others separated (Dkt. No. 579), motion to preclude the death penalty due to unconstitutional discretion of prosecutors (Dkt. No. 584); and motion to declare death penalty unconstitutional because it deprives Mr. Tisdale of his fundamental right to life (Dkt. No. 581) are denied.

      s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE