IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiffs,

vs.

Case No. 07-10142-05-JTM

JASON L. TISDALE,

          Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is defendant Jason Tisdale's motion for bill of particulars (Dkt. No. 343). The court held a hearing on May 28, 2008, and took the matter under advisement. For the following reasons, the court denies the motion.

Generally, an indictment is judged "by practical rather than technical considerations" and is held to only minimal constitutional standards. *United States v. Dashney*, 117 F.23d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991).

The district court has broad discretion in deciding whether to grant a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). The purpose of a

bill of particulars is to supplement the allegations in the indictment when necessary to: (1) inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) avoid unfair surprise to the defendant at trial; and (3) preclude a second prosecution for the same offense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations omitted); *United States v. Anderson*, 31 F. Supp. 2d 933, 937-38 (D. Kan. 1998).

Further, the purpose of the bill of particulars is to minimize the defendant's surprise to the substantive facts of the charges, but not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *See United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir. 1982). "Unless the request for the bill of particulars shows, on its face, that the failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense precaution, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria." *Anderson*, 31 F. Supp. 2d at 938.

In this case, the superseding indictment is framed in the statutory language, and is specific to each count. Further, at the time the motion was initially filed, the United States had already provided a significant amount of items, and has undoubtedly provided much more in the interim. After a close review of the pleadings and documents in the case, it is clear that Tisdale's request is more appropriate for discovery, rather than a bill of particulars. As such, his motion is denied.

IT IS ACCORDINGLY ORDERED this 14th day of January, 2009, that Defendant Jason Tisdale's motion for bill of particulars (Dkt. No. 344) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE