IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               07-10142-05-JTM

JASON TISDALE,

        Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is defendant Jason Tisdale's motion to dismiss Counts 1, 2, 17, 18, & 19 of the fourth superseding indictment[1] for lack of jurisdiction (Dkt. No. 587). The court held a hearing on November 20, 2008, where it took the motion under advisement. For the reasons detailed below, the court denies the motion.

Tisdale challenges the Court's jurisdiction under both the Racketeer Influenced and Corrupt Organizations Act (RICO) and Title 18 U.S.C. 1959 (Violent Crime in Aid of Racketeering [VCAR]) as applied to him. Count 1 charges Tisdale with a substantive RICO offense, and Count 2 charges him with RICO Conspiracy. Counts 17, 18, and 19 each charge Tisdale with VCAR murders.

Relying on several Sixth Circuit cases, Tisdale argues that in order to satisfy the requirements of the Commerce Clause when prosecuting enterprise conduct under RICO and

---

[1] As of the filing of this order, the government has filed a Fifth Superseding Indictment (Dkt. No. 591). However, no substantive changes were made from the Fourth Superseding Indictment with regards to the counts that are the subject of the motion.

1

VCAR, the government must demonstrate that the enterprise engaged directly in interstate commerce, or that the activities of the enterprise have a substantial effect on interstate commerce. Specifically, Tisdale argues that there is no evidence to date that the various Crips sets have been engaged directly in interstate commerce, and that the government should have to prove that the gangs had a substantial effect on interstate commerce. Tisdale acknowledges that the Sixth Circuit is in the minority, and that the Tenth Circuit resolved this matter unfavorably as to him in *United States v. Smith*, 413 F.3d 1253 (10th Cir. 2005) (holding that any error by the district court in failing to instruct the jury that it had to find that the gang's activities "substantially" affected interstate commerce was not plain). Tisdale also acknowledges that no federal appellate court has supported the arguments against RICO and VCAR recognized by the Sixth Circuit.

Nevertheless, Tisdale argues that the Sixth Circuit cases are persuasive and claims that this court should dismiss the charges because it lacks jurisdiction, as there is no connection between the Wichita Crips and interstate commerce. The government responds that the Sixth Circuit cases were wrongly decided, and that it will produce sufficient evidence at trial to meet the burden of establishing the interstate commerce link articulated by the Supreme Court and Tenth Circuit precedent.

Specifically, Tisdale relies heavily on *United States v. Garcia*, 68 F. Supp. 2d 802 (E.D.Mich. 1999), *United States v. Garcia*, 143 F. Supp. 2d 791 (E.D.Mich. 2000); and *Waucaush v. United States*, 380 F.3d 251 (6th Cir. 2004), each of which ultimately dismissed RICO or VCAR charges for lack of jurisdiction. This court, however, is not persuaded by the analysis in the Sixth Circuit cases.

When analyzing a similar issue, another district court noted: "[Defendant]'s contention – that the violent acts criminalized by Section 1959 [VCAR] do not have a substantial effect on interstate commerce – fails to recognize that Section 1959, like RICO, is not primarily directed at the activities of the individual perpetrator; instead, both Section 1959 and RICO are efforts to regulate and hinder enterprises engaged in racketeering activity." *United States v. Perez*, 940 F.Supp. 540, 545 (S.D.N.Y. 1996). Accordingly, it is the *effect* on interstate commerce of the enterprise, and not the violent crime itself, that the court must evaluate when determining jurisdiction. Based on that standard, the indictment satisfies the jurisdictional requirement by alleging that Tisdale's violent crimes were connected with a racketeering enterprise whose activities substantially affected interstate commerce.

The analysis regarding the VCAR statute is also applicable to the substantive and conspiracy RICO charges. RICO and the VICAR statute are similar, and the same body of law applies to both. The only differences are: 1) the VCAR definition of "enterprise" includes a required nexus to interstate commerce, whereas RICO requires the nexus to interstate commerce in its definition of the proscribed unlawful conduct; and, 2) RICO's definition of "enterprise" includes "an individual," whereas VCAR does not. These differences are immaterial. *See* S. Rep. No. 98-225 at 307 (noting that "[t]he Committee intends that the term enterprise [in VCAR] have the same scope" as the term enterprise under RICO). In the context of the substantive RICO statute, courts have held that the government need not show a nexus to interstate commerce for each predicate act underlying a RICO conviction. *See United States v. Bagnariol*, 665 F.2d 877, 892 (9th Cir. 1981). At this stage in the litigation, the government's claim that the

3

Crips were involved in interstate commerce through their drug trafficking and other criminal activities is sufficient to establish a basis for jurisdiction. As such, Tisdale's claim must fail.

Further, although purportedly limited to this specific case, Tisdale's challenge is, in fact, essentially a claim that the statute as written goes beyond the regulatory power of Congress. Such a claim has been rejected by at least four circuits. *See United States v. Fernandez*, 388 F.3d 1199, 1250 (9th Cir. 2004); *United States v. Crenshaw*, 359 F.3d 977, 987 (8th Cir. 2004); *United States v. Riddle*, 249 F.3d 529, 538 (6th Cir. 2001); *United States v. Torres*, 129 F.3d 710, 717 (2d Cir. 1997). This court finds the analysis of those circuits persuasive, and thus Tisdale's motion is denied.

IT IS ACCORDINGLY ORDERED this 20th day of May, 2009 that Defendant Jason Tisdale's motion to dismiss Counts 1, 2, 17, 18, & 19 of the fourth superseding indictment for lack of jurisdiction (Dkt. No. 587) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE