IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                      No. 07-10142-05-JTM

JASON TISDALE,
    Defendant.

MEMORANDUM AND ORDER

On February 24, 2011, the defendant entered guilty pleas to Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization (RICO) and two counts of Violent Crimes in Aid of Racketeering Activity. (Dkt. 1700). On May 12, 2011, the court sentenced Tisdale to a controlling term of imprisonment of 360 months, and is currently scheduled to be released on November 20, 2032. (Doc. 1723). Tisdale has filed now moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Tisdale cites the dangers posed by the COVID-19 pandemic, and his own physical conditions, which include hypertension and a torn tear duct in his left eye.[1]

---

[1] The defendant has also moved to vacate his sentence under 28 U.S.C. § 2255. The court will address that motion by separate order.

The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if the defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a). The government here concedes (Dkt. 1969, at 14), and the court agrees, that they defendant has a medical condition (hypertension) which could increase his risk from serious injury in the event he contracts the COVID-19 virus. However, the government also argues that release under § 3582 is not appropriate given the totality of the circumstances of the case. The court reaches a similar conclusion.

As noted above, compassionate release under § 3582 cannot be granted where the result would be to radically depart from a permissible sentence under 18 U.S.C. § 3553(a). Those factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

Tisdale is serving a lengthy prison sentence for serious, violent criminal activity. The defendant's Plea Agreement (Dkt. 1700) details his participation in the Neighborhood Crips gang, and his active involvement in the February 3, 1998 murder of Tisha Jones and Keith James. At the time, Jones was scheduled to testify against

another Crips member on a state robbery charge. Tisdale helped two other Crips gang members murder Jones and James to prevent that testimony.

On August 5, 2004, Tisdale participated in another Crips attack, this time on the house of Umanah Smith, made in retaliation for a fight which had earlier erupted at a Wichita nightclub. Crips members not only murdered Smith, they also shot and injured two other persons at the house. Destiny Livingston was shot in the finger but she was able to survive by laying down and playing dead. Kasseem Griegler was able to drag himself into a nearby garage.

Given the extreme violence underlying the defendant's RICO convictions, compassionate release is not warranted. Here, a time-served sentence would counteract the public's faith in the criminal justice system, and certainly betray the faith of the victims of violent crime, like Tisha Jones, who have bravely stepped forward as witnesses against the activity of violent criminal gangs. Under the circumstances of the case, a time-served sentence would not reflect the seriousness of the offense, would not provide for just punishment, and would undermine respect for the law.

IT IS ACCORDINGLY ORDERED this 3rd day of August, 2020, that defendant's Motion for Compassionate Release (Dkt. 1966) is denied.

*J. Thomas Marten*
J. Thomas Marten, Judge