IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                         No. 07-10142-05-JTM

JASON TISDALE,
        Defendant.

MEMORANDUM AND ORDER

On February 24, 2011, the defendant entered guilty pleas to Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization (RICO) (18 U.S.C. § 1962(d)) and two counts of Violent Crimes in Aid of Racketeering Activity (VICAR, 18 U.S.C. § 1959(a)(5)). (Dkt. 1700). Tisdale has recently moved for a sentence reduction pursuant to the First Step Act (Dkt. 1966), and to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 1968). By separate Order (Dkt. 1973), the court denied Tisdale's First Step Act motion, finding any reduction unjustified "[g]iven the extreme violence underlying the defendant's RICO convictions." Now fully briefed, the court addresses Tisdale's § 2255 motion.

Citing decisions such as *Sessions v. Dimaya*, 138 S.Ct. 2492 (2018); *Johnson v. United States*, 135 S.Ct. 2551 (2015); and *United States v. Davis*, 139 S.Ct. 2319 (2019), Tisdale

argues his convictions should be vacated because the all of the necessary elements were not present or the charged offenses were not "crimes of violence." These decisions, however, addressed the residual clauses of particular statutes and supply no support for the defendant's arguments.

The court first notes that two of Tisdale's arguments are plainly untimely under the one-year limitations period of 28 U.S.C. § 2255(f)(3). While *Johnson* has been made retroactive to prior cases (*Welch v. United States*, 136 S.Ct. 1257, 1268 (2016)), any argument grounded on *Johnson* must have been made within one year of that June 26, 2015 decision. *Beeman v. United States*, 871 F.3d. 1215 (11th Cir. 2017). *See also United States v. Westover*, 713 F. App'x 734, 739 (10th Cir. 2017) (concluding a claim "asserting *Johnson*'s applicability roughly eleven months after *Johnson*" was not untimely). "[T]he Supreme Court's decision in *Dimaya* has not been deemed to be retroactive on collateral review, *Malpica-Garcia v. Entzel*, 2020 WL 3121183, at *5 (N.D.W. Va. Feb. 6, 2020), *rec. adopted*, 2020 WL 1303891 (N.D.W. Va. Mar. 19, 2020), and even if it had been deemed retroactive, any claim based on *Dimaya* should have been filed within one year of that decision, that is, by April 17, 2019.

Tisdale's argument, to the extent it is based on *Davis*, is not untimely. But it is unsuccessful on the merits. *Davis* held that the residual "crime of violence" clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. But the defendant was not convicted under the residual clause of § 924(c)(3)(B) (or, for that matter, under the residual clause in the Armed Career Criminal Act addressed in *Johnson* or the 18 U.S.C. §16(b)

definition of aggravated felony addressed in *Dimaya*). Rather, the defendant was convicted of RICO conspiracy and VICAR conspiracy to commit murder. None of the statutes of conviction have language similar to the residual clauses addressed in the three cited decisions. Defendant offers no explanation for how 18 U.S.C. § 1959(a)(5), which outlaws "conspiring to commit murder," is vague in any way, and courts have rejected similar arguments.

> While Section 1959(a)(4) incorporates the phrase "crime of violence," Section 1959(a)(5), under which Ramirez was convicted of Counts One and Two, makes no use of the term. Section 1959(a)(5) criminalizes "attempting or conspiring to commit murder or kidnapping" in aid of racketeering activity. As a result, *Johnson* has no impact on Ramirez's Section 1959(a)(5) convictions.

*Ramirez v. United States*, 2017 WL 44853, at *3 (S.D.N.Y. Jan. 3, 2017). *See also Brown v. United States*, 2020 WL 4226710, at *7 (D.S.C. July 23, 2020) ("Brown was not convicted under § 924(c), and thus *Davis* has no effect on his conviction or sentence" under § 1959(a)(5)); *Franklin v. Ortiz*, 2020 WL 3638279, at *4 (D.N.J. July 6, 2020) ("Petitioner was convicted under § 1959(a)(5), which does not contain such ['crime of violence'] language" and thus "even under Petitioner's theory, *Davis* does not apply in this case").

IT IS ACCORDINGLY ORDERED this day of September, 2020, that defendant's Motion to Vacate (Dkt. 1968) is denied.

*J. Thomas Marten*
J. Thomas Marten, Judge